# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2127 | **DATE** | JULY 11, 2001 |
| **CASE TITLE** | MICHAEL D. RICHMOND v. UNITED STATES OF AMERICA | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Michael Richmond's petition to quash summons [1-1] is denied. Government's motion to deny petition [5-1] and to enforce IRS summons [5-2] is granted. The Clerk of the Court is directed to enter judgment in favor of the government and against Michael Richmond (a) denying Richmond's petition to quash summons and (b) enforcing the summons issued to NLSB Bank on March 16, 2001 in the matter of the tax liability of Michael D. Richmond and Candace L. Richmond. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604, within 60 days of the entry of the judgment in this case.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 3 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 12 2001 date docketed | |
| | Notified counsel by telephone. | | | 7 |
| | Docketing to mail notices. | | | |
| x | Mail AO 450 form. | CD-7 FILED FOR DOCKETING | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 11 PM 5:50 | JULY 11, 2001 date mailed notice | |
| CW courtroom deputy's initials | | | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 1 2 2001

MICHAEL D. RICHMOND,
        Petitioner,

v.                        No. 01 C 2127

UNITED STATES OF AMERICA,
        Respondent.

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Michael Richmond filed this action to quash an Internal Revenue Service ("IRS") subpoena. The government has moved to enforce the subpoena. For the reasons stated below, the subpoena will be enforced.

Section 7602(a) of the Internal Revenue Code provides:

> (a) For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a

time and place named in the summons and to
produce such books, papers, records, or other
data, and to give such testimony, under oath, as
may be relevant or material to such inquiry; and
   (3) To take such testimony of the person
concerned, under oath, as may be relevant or
material to such inquiry.

26 U.S.C. § 7602(a). A district court may compel compliance with an IRS summons. Id. § 7604.

> . . . To obtain enforcement of a summons,
> the government must show that: (1) the
> investigation is being conducted for a legitimate
> purpose; (2) the information sought is relevant
> to the investigation and (3) not already in the
> government's possession; and (4) the
> administrative steps required by the Internal
> Revenue Code have been followed. See United
> States v. Powell, 379 U.S. 48, 57-58 (1964). The
> Powell requirements impose only a "minimal
> burden" on the agency. Miller [v. United
> States], 150 F.3d [770,] 772 [(7th Cir. 1998)].
> They can usually be satisfied by an affidavit
> stating that the government has met them. Id.;
> see United States v. Dynavac, Inc., 6 F.3d 1407,
> 1414 (9th Cir. 1993). Once the government meets
> this prima facie burden, the taxpayer faces a
> "'heavy burden' to either present facts to
> disprove one of the Powell factors, or to show
> that the IRS issued the summons in bad faith."
> Miller, 150 F.3d at 772 (internal citations
> omitted); see also United States v. LaSalle
> National Bank, 437 U.S. 298, 316 (1978). The
> taxpayer can rebut the government's prima facie
> case only by alleging "specific facts" in
> rebuttal. Crystal v. United States, 172 F.3d
> 1141, 1144 (9th Cir. 1999); United States v. Kis,
> 658 F.2d 526, 543 (7th Cir. 1981).

United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999), cert. denied, 528 U.S. 1081 (2000). See also Black v. United States, 2001 WL 685911 *1-2 (N.D. Ill. June 13, 2001); Adams v. IRS, 1999 WL 1001584 *3-4 (N.D. Ind. Sept. 29, 1999).

The summons at issue in this case was served on NLSB Bank in March 2001 and requests information regarding the tax liability of Michael and Candace Richmond for the calendar years 1997 and 1998. Identified bank records of Eagle Enterprises, Ltd. were requested, including but not limited to a specifically identified account. The summons was issued by an IRS revenue agent and is also signed by his supervisor. The revenue agent provides a declaration[1] stating that he is conducting an investigation to determine the correct tax liability of Michael Richmond for calendar years 1997 and 1998[2] and that there has been no Justice Department referral.[3] In the declaration, the revenue agent states that he is a commissioned revenue agent and that it is his immediate supervisor's signature approving the summons. He states that he has complied with all procedures and that the documents and information requested were not already in his possession, except that NLSB Bank provided its response which remains unexamined in a sealed envelope pending the outcome of

---

[1] See 28 U.S.C. § 1746.

[2] The affidavit refers to Michael Richmond only, whereas the summons also refers to Candace Richmond, presumably Michael's wife. No objection is raised regarding this difference. In any event, Michael would have no standing to object on Candace's behalf. See Morgan v. United States, 679 F. Supp. 1007, 1008 (D. Colo. 1987); United States v. Van Horne, 445 F. Supp. 360, 361 (D. Neb. 1978). Also, construed literally, any joint liability is Michael's liability as well and the present declaration is likely limited to Michael because he alone petitioned to quash the summons.

[3] Enforcement of an IRS summons is prohibited when a Justice Department referral (generally, a criminal investigation) is pending. See 26 U.S.C. § 7602(d).

this action. The revenue agent further states that "[i]t is
necessary to obtain the testimony and to examine the books,
papers, records or other data sought by the summons in order to
determine the correct federal income tax liabilities of
Michael D. Richmond for calendar years ending December 31, 1997
and December 31, 1998." He also states that "[d]uring the course
of my examination I learned that Eagle Enterprises, Ltd. has been
used as a conduit for income earned by Michael D. Richmond, and
that Eagle Enterprises, Ltd. maintains an account at NLSB Bank."

The government has satisfied its burden of making a prima
facie showing that the Powell factors are satisfied. Therefore,
the burden is on petitioner to show that one of the factors is
not satisfied, the summons is sought in bad faith, or some other
ground exists for denying enforcement.

Petitioner's first contention is that the summons is
improper because of the use of Form 2039. He contends that this
form is for a summons served in a foreign country. The basis for
this contention is a photocopy of a Form 2039 with a caption on
the top of the page referring to "Obtaining Evidence from Abroad
Administratively." The photocopy, assuming it is an accurate
copy, appears to be from an outdated version of the Internal
Revenue Manual.[4] Moreover, it appears to show modifications to

---

[4]The photocopy is blurred, but, as indicated in the upper
right corner, the page appears to be last revised on June 15,
1968 (6-15-6_ is clear; the last digit (apparently an 8) is
partially cut off). As indicated in the bottom right corner, the
version of Form 3029 appears to have been last revised in May

Form 2039 that were to be made when obtaining evidence from abroad. It does not state that Form 2039 is limited to being used abroad. But, regardless of what petitioner's document actually is, the current version of the Internal Revenue Manual provides that Form 2039 is the proper form to use. See I.R.M. Summons Handbook §§ 1.1(2), 1.5, 2.2(1). See also McCurry v. United States, 1994 WL 762414 *2 (E.D. Cal. Dec. 16, 1994). Petitioner's contention that the summons should be quashed because it only applies to service abroad is without merit. See Black, 2001 WL 685911 at *2; Vanderhoof v. Commissioner, 73 F. Supp. 2d 1165, 1169 (E.D. Cal. 1999).

Petitioner's next contention is that the revenue agent and his manager were not delegated the authority to issue, serve, and approve the summons. Revenue agents and their supervisors, however, have been delegated such authority. See IRS Delegation Order No. 4 (Rev. 22); I.R.M. Summons Handbook §§ 1.3.3, 1.3.4; Black, 2001 WL 685911 at *3; Vanderhoof, 73 F. Supp. 2d at 1170-71. In his reply, petitioner contends that the supervisor has never shown petitioner his credentials proving that he is the appropriate person to sign the summons. The declaration of the revenue agent, however, establishes that the person who signed the summons is his supervisor. Petitioner does not allege any specific facts rebutting the accuracy of that representation. On the present papers, no further inquiry of the issue is necessary.

---

1947, 1957, or 1967. The Form 2039 actually served in the case sub judice indicates it was last revised in September 1999.

Petitioner asserts that the authority to issue the summons is limited to alcohol, tobacco, and firearms enforcement or gasoline and other excise taxes. That contention is without merit. Section 7602 authorizes a summons related to income taxes. 26 U.S.C. § 7602(a); Black, 2001 WL 685911 at *3; Vanderhoof, 73 F. Supp. 2d at 1170.

Petitioner contends that 26 U.S.C. § 6001 requires that he be specifically notified of the need to keep records and that, absent such notice, a summons may not be enforced pursuant to § 7602. That contention is without merit. Romanow v. United States, 1998 WL 419729 *2 (W.D. Mich. April 7, 1998); Erickson v. Commissioner, 1996 WL 454931 *8-9 (D. Minn. Aug. 7, 1996), aff'd by unpublished order, 117 F.2d 1422 (8th Cir. 1997); McCurry, 1994 WL 762414 at *2.

Citing 26 U.S.C. § 7601, petitioner also contends that the Secretary of Treasury must first determine his tax liability (or possibly all persons in the district who are liable for taxes) before a summons may be issued related to petitioner's taxes. This contention is without merit. See Black, 2001 WL 685911 at *3; Umlauf v. United States, 1999 WL 501011 *1 (W.D. Mich. May 28, 1999).

The government has satisfied its burden of making a prima facie showing that the summons should be enforced. Petitioner has not satisfied his burden of showing that it should not. Therefore, petitioner's petition will be denied and the government's motion will be granted.

IT IS THEREFORE ORDERED that Michael Richmond's petition to quash summons [1-1] is denied. The government's motion to deny petition to quash [5-1] and to enforce IRS summons [5-2] is granted. The Clerk of the Court is directed to enter judgment in favor of the government and against Michael Richmond (a) denying Richmond's petition to quash summons and (b) enforcing the summons issued to NLSB Bank on March 16, 2001 in the matter of the tax liability of Michael D. Richmond and Candace L. Richmond. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 11, 2001